

Alexa Gervasi <alexa@cobbjohns.com>

## Re: Status Call on 9/2
1 message

**Alexa Gervasi** <alexa@cobbjohns.com>                                                         Thu, Sep 11, 2025 at 1:17 PM
To: Brad Bullock <brad@txmunicipallaw.com>
Cc: Lori Hanson <lwhanson@rampagelaw.com>, "Carmen J. Antol" <cjantol@rampagelaw.com>, David Johns <david@cobbjohns.com>, Bill Cobb <bill@cobbjohns.com>, Heather Dore <hdore@txmunicipallaw.com>, Sara Kerr <sara@txmunicipallaw.com>

Hi Brad,

**Regarding PCDC's Deposition.** My understanding that PCDC was amenable to providing a substitute witness came from: (1) the, at least, three emails where we discussed the depositions that Impact Way was going to take out of time to accommodate defendants' and witnesses' schedules, which expressly included the redeposition of PCDC; and (2) the September 2 meet and confer where we discussed that we would need to redo PCDC's deposition. You didn't oppose or disagree with the our entitlement to take a new deposition in any of those communications. Indeed, if I heard correctly, I actually think you and Amy Madison were discussing her designation as the new rep at the end of her deposition the other day. That further reinforced my understanding that we had agreement on the re-deposition of PCDC, particularly since during our meet and confer on September 2, you noted that Amy Madison was the person who would be knowledgeable on the topics. If you'll recall, I noted that you could have designated Ms. Madison as your rep if that was the case, and you said you "could have, but didn't."

Actually, this is the first time any counsel for PCDC has disagreed that Mr. Jones was unprepared for the corporate deposition, including when I asked Art whether he disagreed with my assessment that Mr. Jones was not properly prepared *before* I ended the deposition.

All that said, I understand your position, and we'll just include it in our motion to the Court.

**Regarding Impact Way's Deposition**. You are welcome to file a motion for costs and fees related to this deposition if you believe one is necessary. There was not a single topic that Mr. Evans was not prepared to speak about, to the extent he could do so without waiving attorney-client privilege. As you know, we provided objections to your topics ahead of time, noting that a lot of the topics concerned information that protected by attorney-client privilege. To the extent you disagreed with our objections, Rule 30(b)(6) expressly required you to meet and confer, which I offered to do in my email providing the objections.

I understand that you are trying to suggest there was inappropriate coaching during a break with Mr. Evans that caused him to change his testimony, but that's actually not what occurred. Mr. Evans, who repeatedly noted his hesitation in response to attempts to probe attorney-client communications and advice, consistently testified to what *he* reviewed *by himself*. Then, during my opportunity to question, we clarified that he did additional prep *with counsel present*. If you're suggesting Mr. Evans was lying about that fact, I guess you're welcome to make that representation to the Court. Most importantly, though, what Mr. Evans did or did not review in the days before the deposition is irrelevant because Mr. Evans was actually present and part of all of the facts that were subject to his deposition and, again, there was not a single topic you asked him about that he wasn't prepared for. But if you believe the record supports court intervention, that is ultimately your call.

I'll respond to the remaining items separately so no issues are lost in the shuffle.

Best,

Alexa

On Thu, Sep 11, 2025 at 11:05 AM Brad Bullock <brad@txmunicipallaw.com> wrote:

> Alexa,
>
> First, if I am the cause of some miscommunication, my sincere apologies. I do not recall ever confirming that PCDC was amenable to presenting a corporate rep for a second deposition, nor can I find an email to

**Exhibit D**

that effect. If I did give that impression, my apologies. To be clear, PCDC does NOT agree that its first corporate rep depo was deficient and does NOT agree to produce a corporate rep for a second time. Nor does PCDC agree to pay your fees for the first deposition. That offer is also declined. In support of this position, I'm going to directly quote you from your September 5, 2025 email in response to our list of additional deponents -

"I'm not trying to be difficult or ticky tacky. **Corporate depositions are heavy lifts**, and so I'm hesitant to agree to the burden when I don't see any benefit to PCDC or the City from the deposition. That said, if you can identify a topic that EVS Metals' corporation knowledge on is material to the claims (**and can't be equally and as effectively gleaned from one of the other witnesses**), please let me know." – Alexa Gervasi

Since you took Jerry Jones corporate rep depo, you deposed Amy Madison and Christian Kurtz. You have "equally and … effectively" gleaned all of the "corporate knowledge" anyone with PCDC has that is material to your claims. Simply put, there is nobody else PCDC can or will designate as a corporate rep – the individuals in question have all moved on to other employment, and PCDC has the right to choose its corporate reps and chooses not to designate former employees. Moreover, there is no need to do so – you have the testimony of its agents at the time of the events in question. For these reasons, PCDC will neither agree to produce another corporate rep, nor will it agree to pay your fees. The only means by which Mr. Jones could prepare was to review documents, which he did for hours with us. Taking his deposition again (since his is the only person qualified to serve as a corporate rep) will not glean additional information.

Next, as long as we are talking about corporate rep unpreparedness - I will not belabor the point that your corporate rep plainly testified that he prepared less than half an hour and looked at two documents when I was asking the questions, but suddenly after a break, when you asked the questions, he "remembered" preparing for many hours and looking at many documents. I will also not belabor the point that he repeatedly claimed lack of knowledge and passed off due diligence tasks to Impact Way's attorney, attributing that knowledge and those acts to its lawyer. I will also not belabor the point that you took the position in the deposition that the NAME of the lawyer was privileged, and even communications that the lawyer had with third parties was "work product." This improper sword and shield argument is generally not favored by courts. Should you proceed with your motion for fees and a request to take a second corporate rep depo, I'll reluctantly have to do the same given Mr. Evans' testimony.

Next, in response to your earlier position that you are "struggling" to understand what Ken Davison could be deposed about, Mr. Evans' testimony on behalf of Impact Way provides the clear answer. Impact Way plainly testified that it relied on Davison in support of its due diligence acts and Mr. Evans repeatedly attributed this knowledge to Davison. Davison's communications with PCDC's lawyer are in no way privileged or "work product," and as Impact Way's agent, Impact Way's own testimony that it (and EVS) relied on Davison for due diligence clearly implicates him as an important fact witness.

This also applies to EVS corporate reps. You took the position, and again I quote you from your September 4, 2025 email "Impact Way cannot speak on behalf of or represent EVS Metals' **knowledge or interests**." Alexa Gervasi

EVS's knowledge regarding the basis of Impact Way's claim against PCDC (and likely the City, but I am not speaking for Lori) is plainly relevant and discoverable. I believe you indicated that you do not represent EVS. Please confirm.

Finally, please confirm whether you will oppose taking EVS and Ken Davison depositions out of time. You've previously indicated that you are agreed to taking Scott Berkowitz (by zoom – agreeable), Robert Evans, and Joseph Amico. I am not sure we desire to take Mr. Evans deposition again. I will confer with Lori about that, but I think his testimony and admissions regarding his lack of knowledge are pretty well baked in. Please confirm you do not plan to accept service for a depo of Davison or EVS if that is your position.

Please consider this my effort to confer on these matters. Thanks.

Brad Bullock

**Bradford E. Bullock**

**Partner**



4201 W. Parmer Ln • Ste. C-150• Austin, TX 78727 • Phone: 512.600.2308 • 512.930.1317 • Cell: 512.520.7780

Fax: 972.668.6414

brad@txmunicipallaw.com • www.txmunicipallaw.com

**ATTENTION ELECTED OFFICIALS**: A "Reply to All" on this e-mail could lead to violations of the Texas Open Meetings Act. Please reply only to the sender.

**CONFIDENTIALITY NOTICE**:  This email together with any attachments is confidential, intended only for the recipient or recipients named above and may contain information that is privileged, confidential, attorney work product or exempt from disclosure under applicable law.  If you have received this email in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution or duplication of this email or any of its attachments is strictly prohibited.  Please notify the sender immediately and delete this email and any attachments from your computer.  You should not retain, copy, use or distribute this email or any attachments for any purpose, or disclose all or any part of the contents to any person.

**From:** Alexa Gervasi <alexa@cobbjohns.com>
**Date:** Wednesday, September 10, 2025 at 7:42 PM
**To:** Lori Hanson <lwhanson@rampagelaw.com>
**Cc:** Brad Bullock <brad@txmunicipallaw.com>, "Carmen J. Antol" <cjantol@rampagelaw.com>, David Johns <david@cobbjohns.com>, Bill Cobb <bill@cobbjohns.com>, Heather Dore <hdore@txmunicipallaw.com>
**Subject:** Re: Status Call on 9/2

Thank you, Lori.

On Wed, Sep 10, 2025 at 8:41 PM Lori Hanson <lwhanson@rampagelaw.com> wrote:

> I have a vacation letter on file for 9/29 but will look at the other proposed dates tomorrow.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Alexa Gervasi <alexa@cobbjohns.com>
> **Sent:** Wednesday, September 10, 2025 6:38:02 PM
> **To:** Lori Hanson <lwhanson@rampagelaw.com>
> **Cc:** Brad Bullock <brad@txmunicipallaw.com>; Carmen J. Antol <cjantol@rampagelaw.com>; David Johns <david@cobbjohns.com>; Bill Cobb <bill@cobbjohns.com>; Heather Dore <hdore@txmunicipallaw.com>
> **Subject:** Re: Status Call on 9/2
>
> Lori and Brad,
>
> I would like to get Impact Way's rescheduled depositions on the calendar. Below are proposed dates and times. We prefer in-person for the deponent (happy to make Zoom accommodations for counsel if needed), but please let me know if that isn't reasonably feasible for any of the deponents.
>
> Please let me know by the end of the day on Friday if you have any objections to these dates, and if so, please provide an alternative date and time. I can currently make any day between September 29 and October 10 work. I would like to carve out a full day for the corporate depositions, but the remaining three can be calendared as half days.
>
> | Deponent | Proposed Deposition Date |
> | --- | --- |
> | City's 30(b)(6) | Monday, September 29 at 9:00 a.m. |
> | PCDC's 30(b)(6) | Tuesday, September 30 at 9:00 a.m. |
> | Jeremy Frazzell | Wednesday, October 1 at 9:00 a.m. |
> | Kristin Gummelt | Wednesday, October 1 at 1:00 p.m. |
> | Doug Weiss | Thursday, October 2 at 9:00 a.m. |
>
> Thank you,

Alexa

On Thu, Aug 28, 2025 at 7:52 PM Lori Hanson <lwhanson@rampagelaw.com> wrote:

> Of course
>
> Get Outlook for iOS
>
> ---
>
> **From:** Alexa Gervasi <alexa@cobbjohns.com>
> **Sent:** Thursday, August 28, 2025 6:50:39 PM
> **To:** Lori Hanson <lwhanson@rampagelaw.com>
> **Cc:** Brad Bullock <brad@txmunicipallaw.com>; Carmen J. Antol <cjantol@rampagelaw.com>; David Johns <david@cobbjohns.com>; Bill Cobb <bill@cobbjohns.com>; Heather Dore <hdore@txmunicipallaw.com>
> **Subject:** Re: Status Call on 9/2
>
> Lori,
>
> Do you agree that Impact Way can take currently noticed depositions after the close of discovery on September 12 (if needed) if we pull down the depositions that we noticed yesterday? The court reporter is waiting on word from us about whether the depositions will go forward as scheduled, and I can't draw them down without an agreement on this point.
>
> For Impact Way's 30(b)(6) by the City, please send me your anticipated topics as soon as possible. It's likely to be the same representative for both the City and PCDC's topics, and I am meeting with my client on Tuesday. If it is the same representative and you and Brad are amenable, we'd request that you coordinate to take the deposition on the same day to avoid redundancy (I believe Brad is planning to notice it for 9/9). I will let you know within a few hours of receiving your topics whether it will be the same representative.
>
> Best,
>
> Alexa
>
>> On Aug 28, 2025, at 6:24 PM, Lori Hanson <lwhanson@rampagelaw.com> wrote:
>>
>> I agree to a call 9/2 at 9 am or when convenient to Brad. We need to discuss realistic scheduling order and availability for rescheduled depositions. We also need Impact Way corporate representative deposition and will circulate topics as soon as possible.
>>
>> Get Outlook for iOS
>>
>> ---
>>
>> **From:** Alexa Gervasi <alexa@cobbjohns.com>
>> **Sent:** Thursday, August 28, 2025 5:59:42 PM
>> **To:** Lori Hanson <lwhanson@rampagelaw.com>; Brad Bullock <brad@txmunicipallaw.com>
>> **Cc:** Carmen J. Antol <cjantol@rampagelaw.com>; David Johns <david@cobbjohns.com>; Bill Cobb <bill@cobbjohns.com>; Heather Dore

<hdore@txmunicipallaw.com>
**Subject:** Status Call on 9/2

Lori and Brad,

In follow-up to a conversation Lori and I had after today's deposition, I am reaching out to schedule a time for us to talk on Tuesday, September 2. This time was originally set aside for the City's 30(b)(6) deposition, but, given Ms. Miga's loss, we are going to reschedule that.

It sounds like Lori's docket is pretty heavy right now, even without this case, and that it may not be feasible to fit all of Plaintiff's noticed depositions in over the next two weeks. Since we have Tuesday morning set aside already, Lori and I thought it would be a good time for us to quickly touch base on case status.

If the City and PCDC agree that Impact Way can take (already noticed) depositions after the discovery deadline on September 12 (if necessary), I can agree to put a pin in the depos we noticed yesterday until we have a chance to touch base next week. That would leave the following plan in place for now:

| Deponent | Deposition Date |
| --- | --- |
| Christian Kurtz | Wednesday, September 3 (still on) |
| Doug Weiss | Currently noticed 9/3 (pm), *but will reschedule with agreement* |
| Kristin Gummelt | Currently noticed 9/4 (am), *but will reschedule with agreement* |
| Jeremy Frazzell | Currently noticed 9/4 (pm), *but will reschedule with agreement* |
| Amy Madison | Monday, September 8 (still on) |
| Impact Way's 30(b)(6) | Tuesday, September 9 (pending NOD) |
| Michael Patroski | Currently noticed 9/9 (am), *but will reschedule with agreement* |
| City's 30(b)(6) | Reschedule for later in the week of 9/8 |
| PCDC's 30(b)(6) | Need to schedule new deposition for the week of 9/8 |

**Please let me know as soon as possible (1) whether you agree that Impact Way can take any already-noticed deposition after the close of discovery on 9/12 (if needed); and (2) whether you're free to speak Tuesday morning at 9:00 a.m.** I can circulate a Zoom.

Best,

Alexa

--

Alexa L. Gervasi

<image001.png>

Texas Property &

Government Lawyers

www.cobbjohns.com

Cell: (806) 335-6632

> **WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> **WARNING:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**Caution:** This email originates from outside of your organization. Please be cautious when clicking links or opening attachments..